[ORIGINAL]



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC.<br>as Broadcast Licensee of the<br>October 20, 2000, Tyson/Golota Event<br><br>Plaintiff<br><br>v.<br><br>JEFFREY SAMUEL BURNS, Individually<br>and d/b/a HOOLIGAN'S PUB & GRUB<br><br>Defendant | § § § § § § § § § § § § | CIVIL ACTION NO.<br>303-CV-2543-N |

DISTRICT OF TEXAS
FILED
FEB 10 2004
CLERK, U.S. DISTRICT COURT

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jeffery Samuel Burns, Defendant, and files this Motion For Summary Judgment and for same, would respectively show unto the Court the following:

### SUMMARY

1. Plaintiff contends that Defendant, as a bar owner, showed a pay-per-view boxing match on closed circuit television on October 20, 2000.

2. Plaintiff contends that this violates 47 U.S.C. §553 which states that no person shall intercept, receive or assist in intercepting or receiving any communication service offered over cable systems.

3. Plaintiff contends that this violates 47 U.S.C. §605 which states that no person shall intercept any radio communications.

4. Plaintiff contends that this violates the Texas Civil Practice & Remedies Code §123.001 et seq. which allows for a cause of action for intercepting, or attempting to intercept, communications transmitted, in whole or in part, with the aid of a wire or cable.

5. Defendant's defenses, in summary, to the allegations made by Plaintiff are that they are simply not true, in that the boxing match on October 20, 2000 between Mike Tyson and Andrew Golota (the "Event") was not shown on any television set in Defendant's bar. In addition, the statute of limitations of 2 years applies to this cause of action pursuant to the Texas Civil Practice & Remedies Code §123.001 et seq.

## LEGAL/FACTUAL GROUNDS

6. The Affidavit of Jeffrey Samuel Burns attached hereto as Exhibit "A", which is incorporated herein as though fully set forth for all purposes, establishes that there was no broadcasting of the Event on October 20, 2000 on any closed circuit television in the bar. Specifically, Jeffrey Samuel Burns did not intercept, receive, or assist in intercepting or receiving, pay-per-view cable or radio communications.

7. Pursuant to his Affidavit, Defendant did not promote or advertise the Event and never made any modifications to the cable box.

8. The statute of limitations for violation of the Texas Civil Practice & Remedies Code is 2 years pursuant to *Collins v. Collins*, 904 S.W.2d 792 (Tex.App. 1995, *reh.over ruled, writ den.*)

9. 47 U.S.C. §605 is not applicable as Defendant did not intercept, or attempt to intercept, any radio communications and had no ability to do so.

10. The legal and factual grounds are addressed, additionally, in the brief being filed concurrently herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion For Summary Judgment be, in all things, GRANTED.

Respectfully submitted,

BY: /s/ S. Gary Werley
S. GARY WERLEY
State Bar No. 21187000

508 Fort Worth Club Building
306 West Seventh Street
Fort Worth, Texas 76102
817-335-4300 (Telephone)
817-335-4335 (Facsimile)

**ATTORNEY FOR DEFENDANT
JEFFREY SAMUEL BURNS, Individually
and d/b/a HOOLIGAN'S PUB & GRUB**

## CERTIFICATE OF SERVICE

This is to certify that on this the 6th day of February, 2004, a true and correct copy of the following *Defendant's Motion For Summary Judgment* was served upon counsel of record via Certified Mail/Return Receipt Requested as reflected below:

**CM/RRR #7003-2260-0003-1168-1509**
Andrew Korn
Korn Bowdich & Diaz, LLP
4221 Avondale Avenue
Dallas, Texas 75219

/s/ S. Gary Werley
S. GARY WERLEY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. § | CIVIL ACTION NO. |
| as Broadcast Licensee of the § | 303-CV-2543-N |
| October 20, 2000, Tyson/Golota Event § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | |
| JEFFREY SAMUEL BURNS, Individually § | |
| and d/b/a HOOLIGAN'S PUB & GRUB § | |
| § | |
| Defendant § | |

## AFFIDAVIT OF JEFFREY SAMUEL BURNS

STATE OF TEXAS §
§
COUNTY OF TARRANT §

Before me, the undersigned Notary Public, personally appeared Jeffrey Samuel Burns, and was duly sworn to tell the truth. On his oath, he stated the following:

"My name is Jeffrey Samuel Burns. I am over the age of twenty-one (21), of sound mind and am fully competent to make this Affidavit. I have never been convicted of a crime involving moral turpitude. I have personal knowledge of the facts set forth in this Affidavit, and said facts are true and correct.

I purchased a business in May of 1999 in Arlington, Texas known as Hooligan's Pub & Grub. At the time of purchase, the business had an inventory, including television sets that were

BURNS AFFIDAVIT

EXHIBIT "A"

Page 1

already hooked up to a cable company. There were three (3) 27-inch television sets present in the bar. The remote controls for each set were left on the bar and were available for patrons to watch anything they wished. I closed the business in January of 2002. In the two years and eight months that I operated the business, at no time, and in no way, did the business ever broadcast a pay-per-view boxing event on any television in the establishment. During the entire time I owned the business, I used the same cable TV company, which was AT&T Broadband which, subsequently, changed their name to Comcast. As part of the cable subscription, we received several sports channels including ESPN, ESPN2, Fox Sports and others. This did not include HBO, Showtime, Cinemax or the ability to receive any pay-per-view event. By request of some of the customers, during some major boxing matches, we had the televisions tuned to ESPN, as that station had a practice of showing round-by-round updates and some film footage of fights between rounds. Those bits of film footage shown on ESPN between rounds would be the only thing that might be misconstrued by anyone as the showing of a pay-per-view event.

Plaintiff alleges in its Original Complaint that there was a pay-per-view fight broadcast on one of the televisions on October 20, 2000 between Mike Tyson and Andrew Golota (the "Event"). The televisions, to my knowledge, were unable to pick up pay-per-view events and I did not advertise any event. I never made any modifications to the cable box.

Further, Affiant sayeth not."

_____
JEFFREY SAMUEL BURNS

*Subscribed and sworn to before me, the undersigned Notary Public, on this the 6th day of February, 2004.*

S. GARY WERLEY,
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 3-3-2005

_____
Notary Public In and For
The State of Texas

BURNS AFFIDAVIT                                                                 Page 2